**NOT FOR PUBLICATION**

DISTRICT COURT OF THE VIRGIN ISLANDS
DIVISION OF ST. CROIX

| | |
|---|---|
| PERCIO VEGA and DOMINGA CAPELLANO,<br><br>　　　　　　　　Plaintiffs,<br><br>v.<br><br>INSTRUMENT & CONTROL SYSTEMS, INC. & BRENDA DIAZ,<br><br>　　　　　　　　Defendants. | Case No. 1:15-cv-00035-WAL-GWC<br><br>**OPINION**<br><br>June 13, 2016 |

**WIGENTON**, District Judge.

Before this Court is a Motion to Dismiss filed by Defendants Instrument & Control Systems, Inc. ("Instrument") and Brenda Diaz ("Diaz") (collectively, "Defendants") for failure to state a claim upon which relief can be granted, pursuant to Federal Rules of Civil Procedure 12(b)(6).

Jurisdiction is proper pursuant to 28 U.S.C. §§ 1331 and 1367. Venue is proper pursuant to 28 U.S.C. § 1391(b). This opinion is issued without oral argument pursuant to Federal Rule of Civil Procedure 78.

For the reasons stated herein, the Motion to Dismiss is **GRANTED** without prejudice.

1

**BACKGROUND AND PROCEDURAL HISTORY**

Plaintiff Percio Vega ("Plaintiff" or "Vega") is a 71-year-old man employed by Instrument[1] from 1994 through 2006, and then again between 2009 until February 28, 2014, when he was discharged. (Compl. ¶¶ 2, 9.) Plaintiff Dominga Capellano ("Capellano") has been Plaintiff's companion for the past 40 years. (*Id.* at ¶¶ 3, 20.) Plaintiff contends he was discharged and immediately substituted by a new, younger employee by the name of Pedro, the son of a woman employed by Diaz.[2] (*Id.* at ¶ 14.)

Plaintiff alleges that throughout his employment, he carried out his duties as a general laborer and handyman without incident. (*Id.* at ¶ 11.) After Plaintiff's return home from a vacation in December 2013, Pedro took over Plaintiff's position as handyman for the Defendants. (*Id.* at ¶ 14.) At that time, Plaintiff's duties were changed. (*Id.* at ¶ 15.) Plaintiff continued to carry out this job until he was discharged. (*Id.* at ¶ 17.)

On February 17, 2015, the EEOC issued Plaintiff a "Notice of Right to Sue" letter informing Plaintiff that the EEOC was closing his case and that he had 90 days within which to file a claim in federal or state court. (Dkt. No. 14.) On May 14, 2015, Plaintiff filed suit in this Court, seeking compensatory and punitive damages and equitable relief. (Dkt. No. 1; Compl. ¶ 21.) Plaintiff's Complaint alleges violations of federal and local statutes protecting employees from discrimination based upon age, race, national origin, and color.[3] On August 3, 2015,

---

[1] Instrument is a for-profit corporation in the construction industry. (Compl. ¶ 3.)

[2] Diaz was Instrument's Vice President with authority to make all employment decisions. (*Id.* at ¶ 3)

[3] Plaintiff's Complaint alleges violations of: the Civil Rights Act of 1991, as amended; the Age Discrimination Employment Act of 1967 (ADEA), as amended; 29 U.S.C. 621 et. seq.; 42 U.S.C. § 1983; 28 U.S.C. §§ 1331, 1343, 1367; 42 U.S.C. §§ 1983, 1985; Title VII of the Civil Rights Act of 1964, as amended; 42 U.S.C.A. 2000e et. seq; 42 U.S.C.A. § 1981(a), § 2000e-5(f); and 28 U.S.C.A. § 1343(a) (4), § 2201, § 2202. Plaintiff's Complaint also

2

Defendants moved to dismiss Plaintiffs' Complaint pursuant to Rule 12(b)(6). (Dkt. No. 9.) On September 14, 2015, Plaintiffs filed their brief in opposition. (Dkt. No. 14.) On September 22, 2015, Defendants filed their reply. (Dkt. No. 15.)

**LEGAL STANDARD**

Pursuant to Fed. R. Civ. P. 8(a)(2), an adequate complaint must be "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2); *see also Phillips v. Cty. Of Allegheny*, 515 F.3d 224, 231 (3d Cir. 2008) (finding that Rule 8 "requires a 'showing,' rather than a blanket assertion, of an entitlement to relief"). According to the Supreme Court in *Bell Atl. Corp. v. Twombly*, Rule 8 "requires more than labels and conclusions and a formulaic recitation of the element of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level[.]" 550 U.S. 544, 555 (2007).

In considering a motion to dismiss under Rule 12(b)(6), the Court must "accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." *Phillips*, 515 F.3d at 231 (external citation omitted). However, the requirement that a court assume the veracity of all allegations within a complaint does not apply to legal conclusions. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* (citing *Twombly*, 550 U.S. at 555); *see also Papasan v. Allain*, 478 U.S. 265, 286 (1986) (stating that on a motion to dismiss, courts "are not bound to accept as true a legal conclusion couched as a factual allegation"). Thus, if the "well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct,"

---

alleges violations of 24 V.I.C. § 451, protecting employees from sex discrimination and/or sexual harassment, and 25 V.I.C. § 1-10, which protects against discrimination based upon race, creed, color or national origin.

3

the complaint should be dismissed for failing to "show[] that the pleader is entitled to relief" as required by Rule 8(a)(2). *Iqbal*, 556 U.S. at 679.

**DISCUSSION**

Although Plaintiff appears to allege discrimination on the basis of sex, race, creed, color, and national origin under federal and local statutes, Plaintiffs' claim is, at its core, one of age discrimination. Plaintiff states he was "wrongfully discharge[d] and discriminated against due to his age." (Compl. ¶ 12.) However, he fails to sufficiently plead what part of Defendants' conduct could be considered discriminatory and instead leaves it to the Court to infer a causal connection between his age and termination, or any other personal characteristic. Such conclusory allegations are patently insufficient to support Plaintiff's discrimination claims. Plaintiff has failed to state a claim for which relief can be granted and his federal claims are dismissed without prejudice pursuant to Federal Rule of Civil Procedure 12(b)(6). Because this Court is dismissing Plaintiff's federal claims, it retains no independent jurisdiction over Plaintiff's state claims under 28 U.S.C. § 1367(c)(3). This Court declines to exercise its discretion to retain jurisdiction over Plaintiff's claims under 24 V.I.C. § 451 and 10 V.I.C. § 1-10. Therefore, Plaintiff's state claims are also dismissed.[4]

However, this Court has discretion to grant a party leave to amend its pleading under Rule 15(a)(2). *See* FED. R. CIV. P. 15(a)(2) (articulating that a party may amend a pleading with the court's leave, which should be given freely "when justice so requires"). Accordingly, Plaintiff is granted thirty (30) days to amend the Complaint with sufficient specificity.

---

[4] Further, Plaintiff Capellano has failed to set forth any facts to support her claim. Those claims are also dismissed without prejudice.

4

## CONCLUSION

For the reasons set forth above, Defendants' Motion to Dismiss is **GRANTED** without prejudice. An appropriate order follows.

s/ Susan D. Wigenton, U.S.D.J.

Orig:    Clerk
cc:      Parties